**MCGUIREWOODS LLP**
TRACY EVANS MOYER (SBN 243212)
1800 Century Park East
8th Floor
Los Angeles, CA 90067
Telephone: 310.315.8200
Facsimile: 310.315.8210

Attorneys for Defendant
Bank of America, N.A.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sewa Bhinder, | Case No. 2:13-CV-00216-GEB-CKD |
| Plaintiff, | **DEFENDANT'S BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| vs. | |
| Bank of America, N.A., | Date: March 25, 2013<br>Time: 9:00 a.m.<br>Courtroom: 10<br>Judge: Hon. Garland E. Burrell |
| Defendant. | |

**I.     INTRODUCTION AND STATEMENT OF FACTS**

Plaintiff comes to this Court seeking to maintain a Complaint for damages and equity against Bank of America, N.A. ("BANA") but fails to do equity himself, in terms of honesty and candor with the Court. The Complaint and Plaintiff's opposition brief (the "Opposition") are filled with allegations of "fraud", "misrepresentation" and "illegal" behavior by BANA in originating a Note that had "unjust loan terms" due to a "variable interest rate" (*see* Opposition, pp. 4-5 (*citing* Compl. ¶ 10).), which allegedly contained "hidden terms result[ing] in an exploding mortgage." (Opposition, p. 14.) In reality, the loan is a 30-year fixed rate of 6.625% per annum. *See* Defendant's Request for Judicial Notice ("RJN"), ECF No. 5, Exh. A., p. 1. Thus, when Plaintiff claims in his Opposition that he has pled his "discovery" of BANA's allegedly illegal behavior years after the loan was originated, he is being disingenuous with the Court, just as he has been dishonest with his claims. The Plaintiff received a loan originated in July of 2008 and claims the

loan and the loan application procedure were unlawful – not only are these claims false, but they are time barred under California law.

Plaintiff's opposition to BANA's motion to dismiss simply reinforces that Plaintiff's claims cannot survive. Plaintiff's claims are time-barred and his own complaint belies the argument that the discovery rule applies to this action. Plaintiff pleads legal conclusions, rather than facts, to support his claim that a nameless "mortgage broker" acted as a fiduciary to both him and BANA, somehow making BANA responsible for Plaintiff's own misrepresentations. And, Plaintiff's Complaint pleads conclusions, rather than facts, regarding the elements of each cause of action. In sum, Plaintiff's claims are fatally deficient, and his Opposition does nothing to resuscitate them. Therefore, the motion to dismiss should be granted in its entirety and without leave to amend.

## II.  LEGAL ANALYSIS

Plaintiff's Complaint is dismissible under the standard set forth by the Supreme Court in *Iqbal*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In ruling on a Rule 12(b)(6) motion, the court is to accept as true the factual allegations of the complaint; however, allegations amounting to nothing more than legal conclusions are not entitled to the assumption of truth. *Id*. A statute of limitations defense is sufficient to sustain a motion to dismiss, as well. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

### A.  All of Plaintiff's Causes of Action Are Time-Barred and the Discovery Rule Does Not Apply.

Plaintiff's opposition does not dispute the dates and times solely relevant to the issue of the statute of limitations. Plaintiff's loan was originated on July 25, 2008, and Plaintiff's complaint was filed on October 30, 2012 –more than four years later. Plaintiff also does not dispute the statute of limitations set forth by BANA's motion – the maximum of which is four years. Thus, all six of Plaintiff's causes of action are barred by the statute of limitations.

Contrary to Plaintiff's conclusory statements in his Opposition, Plaintiff has not sufficiently pled facts supporting the discovery rule to save his allegations. Under California law, a plaintiff whose complaint shows on its face "that his claim would be barred without the benefit of the discovery rule *must specifically plead facts* to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1319 (2007) (emphasis added). Further, "[t]he burden is on the plaintiff to show diligence, and conclusory allegations will not withstand [dismissal]." *Id.* The first prong requires Plaintiff to allege "facts showing the time and surrounding circumstances of the discovery of the cause of action upon which they rely." *Id.* at 1324 (quotation omitted). The purpose of this requirement is "to afford the court a means of determining whether or not the discovery of the asserted invasion was made within the time alleged, that is, whether plaintiffs actually learned something they did not know before." *Id.* (quotation omitted).

Plaintiff's Complaint directly contradicts the idea that Plaintiff "discovered" fraud within the applicable time frame.  Paragraph 5 states that "plaintiff *only* made payments to minimize his own losses and damages in regards to his home." (Emphasis added.) If the sole purpose of his payments were to "minimize his own losses" then Plaintiff certainly knew there was something wrong with his loan payments from the beginning. Indeed, Paragraph 6 alleges that "the monthly payment was much, much greater than thirty-one percent of his monthly take-home pay," and thus Plaintiff tried to renegotiate. If that is the case, then Plaintiff's monthly payments were so great when he first received his loan that he would have or should have realized *immediately* that something was amiss. Apparently Plaintiff wants the Court to accept as true that the monthly payments were so out of proportion to his income as to be illegal and unconscionable (Opposition, p. 4) but not so out of proportion as to put him on notice for purposes of the discovery rule. Furthermore, as the Court is aware, the loan given to Plaintiff was a *30-year fixed rate mortgage* – thus, the monthly loan payments were consistent from the beginning of the loan, and no change or

fluctuation in the rate would have occurred to make it suddenly unaffordable. *See RJN,* Exh. A., p. 1.

On the other hand, Plaintiff's Complaint does not contain any facts supporting his conclusory statement in the opposition that "plaintiff properly pleaded [*sic*] late discovery" of his alleged claims against BANA. Plaintiff points solely to "paragraph 10 of the Complaint[1] [where Plaintiff] pleads that once Mr. Bhinder discovered the fraud, he tried to rectify this wrong by diligently trying to engage [BANA] in an effort to renegotiate his loan." (Opposition, p. 12.) In fact, not a single mention of "discovery" occurs throughout the Complaint. Even more, no facts showing reasonable diligence are pled.

Thus, Plaintiff does not and cannot plead "an inability to have made an earlier discovery despite reasonable diligence," *see E-Fab, Inc.*, 153 Cal. App. 4th at 1319, as the loan terms were in plain view for him to read at the time he signed the loan documents at closing. Therefore, because Plaintiff was not reasonably diligent, the discovery rule could not possibly apply to toll the statute of limitations period. Thus, the statute of limitations has run on all of Plaintiff's claims, and Defendant's Motion to Dismiss must be granted without leave to amend.

**B.     Plaintiff Has Not Pled Facts Establishing an Agency Relationship between BANA and the Unnamed Mortgage Broker**

Plaintiff fails to set forth any facts to support his allegation that the unidentified offending mortgage broker was BANA's agent. Plaintiff fails to set forth the alleged "apparent and actual authority conferred" from BANA to the broker. (Opposition, p. 14.) Plaintiff fails to set forth anything but conclusions that BANA had an agency relationship with the unidentified broker.

"Plaintiff may not rest on legal conclusions regarding agency that are cast as factual allegations." *In re Toyota Motor Corp. Unintended Acceleration Mktg.*, 826 F. Supp. 2d 1180, 1208 (C.D. Cal. 2011), citing *Iqbal*, 129 S. Ct. at 1949; *see also Nguyen* v. *Scott*, 206 Cal. App. 3d 725, 733 (1988) (finding that allegations that a defendant acted as a broker who was a dual agent of both seller and buyer are conclusions of law). Plaintiff must provide specific facts sufficient for

---

[1] Paragraph 10 of the Complaint does not contain any such allegations or any facts that reasonably support this statement in Plaintiff's opposition.

46412291                                              4
DEFENDANT'S BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

the Court to determine that this claim is even plausible. It is even more necessary where, as here, Plaintiff claims that BANA is responsible for the mortgage broker's allegedly fraudulent activity. *See Lazar v. Sup. Ct*, 12 Cal. 4th 631, 645 (1996) (plaintiff is required to specify "the names of persons" committing fraud as well as "*their authority to speak*" on behalf of the corporation) (emphasis added).  Yet, he does not even identify the alleged mortgage broker, let alone establish the broker's relationship with BANA or an authority to speak for BANA.  Generally, brokers are fiduciaries to borrowers, not lenders, and plaintiff has utterly failed to plead facts that support that it was otherwise in his case.

### C. Plaintiff's Claims Are All Insufficient as a Matter of Law

#### 1. Introduction

In addition to failing to establish that his claims should withstand the statute of limitations bar, Plaintiff's opposition does no more than restate legal conclusions found throughout the Complaint, illustrating that the Complaint lacks merit and should be dismissed. Plaintiff's claims lack essential elements, lack the particularity required for pleading fraud based claims, and lack a legally recognizable connection between BANA's allegedly wrongful acts and Plaintiff's alleged harm. Furthermore, no amendment of Plaintiff's Complaint can save these causes of action because Plaintiff would have to directly contradict the Complaint, which would constitute a sham amendment. Therefore, Plaintiff's Complaint should be dismissed in its entirety with prejudice and without leave to amend.

#### 2. Plaintiff Fails to State a Claim for Breach of Contract and/or Breach of the Covenant of Good Faith and Fair Dealing.

Plaintiff admits that Count One of the Complaint, though entitled "predatory lending," alleges a breach of contract and/or breach of the implied covenant of good faith and fair dealing by BANA. Plaintiff has failed to set forth a claim under either theory.

To allege a breach of contract claim, "the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Johnston v. Ally Fin., Inc*., 2011 U.S. Dist. LEXIS 83298, *6 (S.D. Cal. July 29, 2011). In neither the complaint nor even the Opposition, Plaintiff has failed to set forth the terms of any contract

with BANA that BANA has allegedly breached. Thus, Plaintiff has apparently abandoned any breach of contract claim.

Likewise, Plaintiff has not sufficiently pled a cause of action for breach of the implied covenant of good faith and fair dealing. "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must *establish the existence of a contractual obligation*, along with conduct that frustrates the other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Group, Inc.*, 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009) (citing *Racine & Laramie v. Dep't of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031 (1992)) (emphasis added). Plaintiff's Opposition relies upon allegations of BANA "selling him a loan which he could not afford" and "impos[ing] unjust loan terms on plaintiff." (Opposition, pp. 4-5 (*citing* Compl. ¶¶ 9-10).) The "implied covenant applies to conduct occurring *after* an agreement has been entered, and not conduct leading up to the agreement's formation." *Dorado v. Shea Homes Ltd. P'ship,* 2011 U.S. Dist. LEXIS 97672, *18 (E.D. Cal. Aug. 31, 2011) (emphasis in original). As Plaintiff's allegations are directed to conduct that occurred prior to the Note being signed, and thus before a contract existed between the parties, they are not actionable.

Moreover, Plaintiff's reliance on *Lona v. Citibank, N.A.* is misplaced.  In *Lona*, the court was considering an action in equity to set aside a non-judicial foreclosure. 202 Cal. App. 4th 89, 95-96 (2011). Such an action requires, *inter alia*, the allegation that "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust…." *Id.* at 104. There is no foreclosure sale here to set aside. *Lona* does not consider a breach of contract or breach of the covenant of good faith and fair dealing – in fact it notes, though does not describe, that an action for breach of the covenant of good faith and fair dealing was dismissed on demur. *Id.* at 98. Thus, *Lona* does not control the Court's decision on Count One of the Complaint.

For the foregoing reasons and the reasons set forth in BANA's motion to dismiss, Count One of Plaintiff's Complaint should be dismissed.

46412291

6

DEFENDANT'S BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

### 3. Plaintiff Fails to State a Claim for Fraud.

Plaintiff similarly fails to state a claim for fraud, deceit, or intentional misrepresentation (Count Two). It is well-established that all fraud claims must be pleaded with particularity. *See* Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 9(b). The particularity requirement necessitates pleading facts which show how, when, where, to whom, and by what means the representations were tendered. *See Neilsen v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). A plaintiff's burden in meeting the particularity requirement against a corporation requires that he allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *See id.* General and conclusory allegations do not suffice.

Plaintiff's Complaint and Opposition show only conclusory and general allegations against BANA. These include bare allegations that "Plaintiff justifiably relied on the misrepresentation and suffered resulting damage." (Opposition, p. 5 (*citing* Compl. ¶ 13).) Plaintiff also alleges that the unnamed mortgage broker "misrepresented Plaintiff's income on the loan documents with the intent [to] defraud." (Opposition, p. 5 (*citing* Compl. ¶ 12).) These statements are insufficient to state a claim under California law. *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1254 (2009) (holding that plaintiff must allege that defendants lacked any reasonable ground for believing the statement to be true). "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Villavazo v. America's Serv. Co.*, No. CV 11–4868, 2012 WL 3018059, *3 (C.D. Cal. July 23, 2012) (*quoting Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)). Plaintiff utterly fails to plead any of these things. Allegations of fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against those claims. Plaintiff here has not, and therefore his fraud cause of action must be dismissed.

Furthermore, the allegations made against BANA for failing to disclose purportedly known errors in Plaintiff's application are not sufficient to state a cause of action for fraud. Under California law, such allegations are not actionable. *Das v. Bank of America, N.A.*, 186 Cal. App. 4th 727, 740 (2010) ("[A] lender is under no duty 'to determine the borrower's ability to repay the loan."); *see also Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429, 437 (2010). Indeed, assessing a borrowers' ability to repay the loan is for the lender's protection, not the borrowers. *See Das*, 186 Cal. App. 4th at 740 ("The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's."); Further, the Complaint fails to allege how Plaintiff may have relied on BANA's knowledge or lack thereof when BANA and the Plaintiff never interacted. Courts have repeatedly dismissed such claims against lending institutions for this deficiency. *See, e.g.*, *Dooms v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 38550, *34 (E.D. Cal. Mar. 31, 2011) ("The complaint lacks precise allegations as to what the moving defendants, through specifically identified and authorized agents or representatives, allegedly promised or represented."). As such, Count Two of Plaintiff's Complaint should be dismissed.

### 4. Plaintiff Fails to State a Claim for Negligent Misrepresentation.

Plaintiff's cause of action for negligent misrepresentation fails for the same reasons. As with any fraud-based claim, negligent misrepresentation must be pled "with particularity and by facts that show how, when, where, to whom and by what means the representations were tendered." *Charnay v. Cobert*, 145 Cal. App. 4th 170, 181 n. 14 (2006); *see also Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009) (dismissing cause of action for negligent misrepresentation for "vague allegations [that] are insufficient to put Defendants on notice as to precisely what fraudulent conduct they are alleged to have engaged in."). Plaintiff alleges solely that his "loan application and information contained therein" was not accurate but does not disclose with particularity the inaccuracies or how they were made. As such, Plaintiff's pleading lacks the required specificity.

Plaintiff's third cause of action also fails to plead the required element of positive assertion of fact. *See Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 596 (2011) (negligent misrepresentation claim requires a positive untrue assertion of a fact, not merely an omission of fact). An implied assertion or representation is not enough to meet the pleadings requirement for a negligent misrepresentation claim. *See OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*, 157 Cal. App. 4th 835, 855 (2007). As stated above, Plaintiff's Complaint only alleges that certain information in the application was not accurate, but fails to set forth any positive assertion that was false, rather than a mere omission, which would not be actionable.

Furthermore, Plaintiff has not addressed the issue of justifiable reliance, accept to state that his Complaint "contains allegations … that he justifiably relied on the misrepresentation." (Opposition, p. 6 (*citing* Compl. ¶ 17, 19).) Reliance occurs when a misrepresentation is an immediate cause of a plaintiff's conduct, which alters his legal relations, and when, absent such representation, he would not, in all reasonable probability, have entered into the contract or other transaction. *See Conroy*, 45 Cal. 4th at 1254. However, it is established as a matter of law in California that borrowers cannot justifiably rely on a bank's offer of a loan as an assertion that the borrower would be able to repay that loan. *Das*, 186 Cal. App. 4th at 740 ("a lender is under no duty 'to determine the borrower's ability to repay the loan .... The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's."). Thus, as a matter of law Plaintiff could not justifiably rely on alleged errors in his loan application, including the alleged misstatement of his own income and earning capacity, which he would know.  Moreover, plaintiff cannot credibly allege that he justifiably relied on a misstatement of his income or earning capacity.  Thus, a negligent misrepresentation cause of action cannot survive.  As such, Count Three of the Complaint should be dismissed.

**5.     Plaintiff Fails to State a Claim for Negligence.**

Plaintiff's fourth cause of action is for alleged negligence for "failing to discover and disclose certain problems on the loan documents." (Compl. ¶¶ 23-24.) Plaintiff claims that his cause of action survives merely because "Plaintiff alleges that Defendant Bank owed a duty of due

1 care to disclose on the loan application true and accurate information regarding Plaintiff's earning
2 and income capacity." (Opposition, p. 7 (*citing* Compl. ¶ 22).) It is well-settled under California
3 law, however, that banks owe borrowers no such duty. *Das,* 186 Cal. App. 4th at 740 ("[A] lender
4 is under no duty 'to determine the borrower's ability to repay the loan .... The lender's efforts to
5 determine the creditworthiness and ability to repay by a borrower are for the lender's protection,
6 not the borrower's."); *see also Nymark v. Heart Fed. Savs. & Loan Assoc.*, 231 Cal. App. 3d 1089,
7 1095 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when
8 the institution's involvement in the loan transaction does not exceed the scope of its conventional
9 role as a mere lender of money."); *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (finding
10 lender owes no duty of care); *McFadden v. Deutsche Bank Nat'l Trust Co.*, 2011 U.S. Dist.
11 LEXIS 91010, *38 (E.D. Cal. Aug. 15, 2011) ("Similarly, a loan servicer ... owe[s] no legal duty
12 to a borrower in an arms-length transaction that would support a negligence claim."). As BANA
13 owes no duty of care to Plaintiff in this situation, Plaintiff's cause of action for negligence fails as
14 a matter of law.

15 Second, Plaintiff did not address BANA's argument that any pecuniary loss Plaintiff might
16 allege would be precluded by the economic loss doctrine. "In California, plaintiffs may seek
17 remedies for strict liability and negligence only for physical injury to person or property, and not
18 for pure economic losses." *Cal. Dep't of Toxic Substances Control v. Payless Cleaners*, 368 F.
19 Supp. 2d 1069, 1084 (E.D. Cal. 2005) (citing *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18-19
20 (1965)). "Therefore, unless physical injury occurs, a plaintiff cannot state a cause of action for
21 strict liability or negligence." *Payless Cleaners,* 368 F. Supp. 2d at 1084. Thus, the damages that
22 Plaintiff alleges are precluded by the economic loss doctrine.

### 6. Plaintiff Fails to State a Claim for the Cancellation of a Contract.

24 Plaintiff's fifth cause of action starkly illustrates that he has asked this Court to provide
25 him with an undue windfall under the guise of equity. Plaintiff demands to have the property he
26 purchased with proceeds from a loan free and clear of all encumbrances without having to return
27 the funds loaned to him to make that purchase. (*See* Compl. ¶ 27 ("As a result of the cancelation of

28

the Purchase Agreement, Plaintiff is entitled to title free and clear from any secured interest.").) To cancel a contract, a party must return all consideration received and seek restitution for the consideration given to the other party. *Runyan v. Pacific Air Industries*, 2 Cal. 3d. 304, 311-313 (1970); *see also* Cal. Civ. Code § 1691 (same); *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) (holding that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured). Plaintiff does not allege that he will return the funds he received in order to purchase the Property.

Rather, Plaintiff apparently hopes that the Court will find that a 30-year fixed rate mortgage with a 6.625% interest rate was "procured by fraud, accident or mistake." *Hironymous v. Hiatt*, 52 Cal. App. 727, 731 (1921) (abrogated on other grounds in *Robertson v. Super. Ct.*, 90 Cal. App. 4th 1319 (2001)). As shown above, time and time again, Plaintiff's claims regarding the loan he received are false or insufficient to state a claim against BANA. Thus, the Complaint does not support any allegations establishing fraud, accident or mistake justifying cancellation of the Note and Security Deed., and Count Five of the Complaint should be dismissed.

### 7. Plaintiff's Claim for Declaratory Relief Fails.

Lastly, Plaintiff's sixth cause of action, for declaratory relief, fails as a matter of law and should be dismissed. California courts have consistently held that a claim for declaratory relief is improper where it merely replicates other substantive causes of action asserted in the pleading. *Cal. Ins. Guarantee Ass'n v. Super. Ct.*, 231 Cal. App. 3d 1617, 1623-24 (1991). Where the very issues raised in the claim for declaratory relief will be resolved by other causes of action before the court, the claim for declaratory relief is unnecessary and serves no useful purpose. *Id.* Plaintiff sets forth no independent basis for the need for declaratory relief in his Complaint, but rather relies upon the other allegations set forth therein. (*See* Compl. ¶¶ 28-32.) Thus, the declaratory relief action is predicated on the alleged wrongdoing already considered above. Since this cause of action is superfluous, it should be dismissed.

Furthermore, declaratory relief cannot be used to challenge the validity of a non-judicial foreclosure or the right to foreclose. *See Gomes v. Countrywide*, 192 Cal. App. 4th 1149, 1154-55

(2011). Plaintiff's Opposition shows that Plaintiff is seeking a determination that will prevent non-judicial foreclosure of the property. (Opposition pp. 9-10 (*citing* Compl. ¶¶ 30-31).) California Courts have already determined that courts must not be interjected into the foreclosure process through declaratory relief claims. *Gomes*, 192 Cal. App. 4th at 1154-55; a*ccord Robinson v. Countrywide*, 199 Cal. App. 4th 42, 46 (2011). As such, Plaintiff's demand "for an order preventing any foreclosure sale until such time as this dispute has been adjudicated" is not properly before the Court, and Count Six of the Complaint should be dismissed.

### III.  LEAVE TO AMEND SHOULD NOT BE AFFORDED

The Complaint demonstrates that the defects in Plaintiff's claims cannot be cured. Plaintiff's claims are time-barred, and Plaintiff has otherwise failed to state sufficient facts to support his causes of action. Furthermore, because there are issues of law which are dispositive as to each cause of action asserted in the Complaint, it is appropriate for the court to grant BANA's motion to dismiss without leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Rivera v. BAC Home Loans Serv., LP*, 756 F. Supp. 2d 1193, 1198 (N.D. Cal. 2010) (motion to dismiss granted without leave to amend where complaint was both time-barred and legally insufficient).

### IV.  CONCLUSION

For the foregoing reasons, BANA respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint in its entirety, without leave to amend.

DATED: March 18, 2013.               **MCGUIREWOODS LLP**

                                     By:  /s/   *Tracy Evans Moyer*
                                              Tracy Evans Moyer
                                              *Attorneys for Bank of America, N.A.*

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

On March 18, 2013, I served the following document described as **DEFENDANT'S BRIEF IN REPLY PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on the the following interested parties:

> **Aldon L. Bolanos, Esq.**
> **The Law Office of Aldon L. Bolanos**
> 925 G Street, Van Voorhies Mansion
> Sacramento, CA 95814
> Attorneys for Plaintiff

☒ **BY ELECTRONIC SERVICE VIA THE COURT'S CM/ECF SYSTEM**

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 18, 2013 at Los Angeles, CA.

/s/ Tracy Evans Moyer
Tracy Evans Moyer