IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEWA BHINDER,

        Plaintiff,

    v.

BANK OF AMERICA, N.A.,

        Defendant.

2:13-cv-00216-GEB-CKD

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiff's Complaint, which comprises allegations of predatory lending, intentional misrepresentation, negligent misrepresentation, negligence, cancellation, and declaratory relief. (Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 4.) Plaintiff opposes the motion.

Decision on the motion requires determining "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

1  liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell
2  Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). When determining a
3  claim's sufficiency under Rule 12(b)(6), "[w]e accept factual
4  allegations in the complaint as true and construe the pleadings in the
5  light most favorable to the non-moving party." Fayer v. Vaughn, 649
6  F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted).
7  However, "conclusory allegations of law and unwarranted inferences are
8  insufficient to defeat a motion to dismiss." Id. (internal quotation
9  marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550
10 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a
11 formulaic recitation of the elements of a cause of action will not
12 do.'").
13         Defendant argues that "all of Plaintiff's causes of action are
14 time-barred by the applicable limitations period because they are based
15 on allegations of fraud and other impropriety that purportedly occurred
16 in connection with the origination of Plaintiff's loan on July 25,
17 2008." (Def.'s Mot. 3:8-10.) Defendant contends that "[e]ach of these
18 causes of action is based on Plaintiff's central allegation that
19 [Defendant] acted improperly during the origination of the loan,
20 completion of the application materials, and negotiation of the loan
21 terms," and "[Plaintiff] closed his loan . . . on July 25, 2008." (Id.
22 4:21-23 (citing Complaint ¶¶ 3-6); id. 4:24.) Defendant argues that
23 "Plaintiff filed his Complaint on October 30, 2012, well after the
24 expiration of the statute[s] of limitations." (Id. 5:3-4.)
25         Plaintiff rejoins that "[t]his action is not time-barred
26 because [P]laintiff properly pleaded late discovery." (Pl.'s Opp'n to
27 Def.'s Mot. ("Pl.'s Opp'n") 10:21-22, ECF No. 8.) Plaintiff contends
28 that he "pleads in paragraph 4 of the Complaint that the bank's agent

1  'owed both parties a fiduciary duty'" such that "[Plaintiff] was not
2  under an affirmative duty to investigate the fiduciary's
3  representation." (Id. 12:12-14, 12:16-18 (citing Hobart v. Hobart Estate
4  Co., 26 Cal. 2d 412 (1945)).) Plaintiff further argues that "paragraph
5  10 of the Complaint pleads that once [Plaintiff] discovered the fraud,
6  he tried to rectify this wrong by diligently trying to engage
7  [Defendant] in an effort to renegotiate his loan." (Id. 12:19-22.)

8  Defendant rejoins that "Plaintiff fails to set forth anything
9  but conclusions that [Defendant] had an agency relationship with the
10 unidentified broker." (Def.'s Reply 4:19-20, ECF No. 11.) Defendant also
11 contends that "no facts showing reasonable diligence are pled." (Id.
12 4:9.)

13 "Under the delayed discovery rule, 'the limitations clock only
14 begins to run . . . when the injured party discovers or should have
15 discovered the facts supporting liability.'" Royal Thrift & Loan Co. v.
16 Cnty. Escrow, Inc., 123 Cal. App. 4th 24, 43 (2004) (quoting Davies v.
17 Krasna, 14 Cal. 3d 502, 512-13 (1975)). "[T]o rely on the [delayed]
18 discovery rule . . . , '[a] plaintiff whose . . . claim would be barred
19 without the benefit of the . . . rule must specifically plead facts to
20 show (1) the time and manner of discovery *and* (2) the inability to have
21 made earlier discovery despite reasonable diligence." Fox v. Ethicon
22 Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005) (quoting McKelvey v.
23 Boeing N. Am., Inc., 74 Cal. App. 4th 151 (1999), superseded by statute
24 on other grounds by Cal. Code Civ. P. § 340.8(c)(2) (2003)) (third
25 alteration in original) (emphasis added). "[A] plaintiff must allege
26 more than conclusory allegations regarding an agency relationship when
27 normally, as a matter of law, a broker is the agent of the borrower not
28 the lender." Abels v. Bank of Am., N.A., No. 11-CV-208 YGR, 2012 WL

3

1  691790, at *7 (N.D. Cal. Mar. 2, 2012) (citing <u>Montoya v. McLeod</u>, 176
2  Cal. App. 3d 57, 64 (1985)).
3         Here, Plaintiff makes the following allegations related to the
4  purported fiduciary relationship and alleged delayed discovery in his
5  Complaint: "[Defendant] engaged its own mortgage broker to assist
6  [P]laintiff and [Defendant] toward securing a loan. Broker owed both
7  parties a <u>fiduciary duty</u> of good faith akin to a triparte relationship
8  in the insurer-insured context." (Compl. ¶ 4 (emphasis added).)
9  "[Defendant]'s agent instead falsified application documents, including
10 [P]laintiff's income and earning capacity, as well as the estimate of
11 value of the property, all in an effort to facially pass muster toward
12 securing a loan with [Defendant]. Plaintiff <u>was unaware of</u> and did not
13 authorize this falsification . . . ." (<u>Id.</u> ¶ 5 (emphasis added).)
14        Plaintiff has not "allege[d] more than conclusory allegations
15 regarding an agency relationship . . . [between the] broker . . . [and]
16 the lender." <u>Abels</u>, 2012 WL 691790, at *7. Further, Plaintiff's
17 allegations do not "specifically plead facts to show (1) the time and
18 manner of discovery [or] (2) the inability to have made earlier
19 discovery despite reasonable diligence." <u>Fox</u>, 35 Cal. 4th at 808.
20 Therefore, Plaintiff fails to allege facts from which a reasonable
21 inference can be drawn that Plaintiff's claims are subject to the
22 delayed discovery rule.
23        For the stated reasons, Plaintiff's Complaint is dismissed.
24 However, Plaintiff is granted fourteen (14) days from the date on which
25 this order is filed to file an amended complaint addressing the
26 deficiencies in the dismissed claims. Plaintiff is notified that failure
27 to file an amended complaint within the prescribed time period could
28

4

result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

Dated: August 2, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge