1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7    SEWA BHINDER,                      No.  2:13-cv-216-GEB-CKD

8              Plaintiff,

9         v.                           **DISMISSAL ORDER**[1]

10   BANK OF AMERICA, N.A.,

11             Defendant.

12

13        Defendant seeks an order dismissing this action with

14   prejudice under Federal Rule of Civil Procedure ("Rule") 41(b)

15   "for failure to prosecute and failure to comply with a court

16   order." (Mot. to Dismiss 6:10, ECF No. 18.) Plaintiff failed to

17   file an opposition or statement of non-opposition to Defendant's

18   pending motion as required by Local Rule 230(c).

19        The dismissal order Defendant references was filed on

20   August 5, 2013. That order granted Defendant's Rule 12(b)(6)

21   dismissal motion and provided Plaintiff fourteen days with which

22   to file an amended complaint, and warned Plaintiff "that failure

23   to file an amended complaint within the prescribed time period

24   could result in dismissal with prejudice under [Rule] 41(b)."

25   (Order Granting Def.'s Mot. to Dismiss 4:24-5:2, ECF No. 16.)

26   Defendant also notifies the undersigned judge in the motion that

27   ───────────────────
     [1]    This matter is deemed suitable for decision without oral argument. E.D.
     Cal. R. 230(g), and therefore the hearing scheduled on March 24, 2014 is
28   vacated.

                                    1

1  "[o]n August 14, 2013, in light of pending settlement
2  discussions, Plaintiff and [Defendant] filed a joint motion to
3  extend the time for [P]laintiff to file an amended pleading."
4  (Mot. to Dismiss 3:16-17.) The parties failed to notice the
5  referenced joint motion for hearing or to otherwise bring it to
6  the attention of the undersigned judge. In the referenced joint
7  motion, the parties sought "to extend Plaintiff's time to file an
8  amended pleading in accordance with the Court's August 5, 2013
9  Order for forty-five (45) days," presumably until October 3,
10  2013. (J. Mot. to Extend Time 3:1-3, ECF No. 17.) Plaintiff has
11  not yet filed an amended complaint.

12       District courts may dismiss an action under Rule 41(b)
13  for failure to comply with a Local Rule or a court order. See,
14  e.g., Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure
15  to follow a district court's local rules is a proper ground for
16  dismissal."); Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.
17  1992) (holding a district court may dismiss an action under Rule
18  41(b) "for failure to comply with any order of the court").
19  However, since "dismissal is a harsh penalty, it should be
20  imposed as a sanction only in extreme circumstances." Oliva v.
21  Sullivan, 958 F.2d 272, 273 (9th Cir. 1991).

22       When deciding whether to dismiss a case as a sanction
23  under Rule 41(b), "the district court must consider five factors:
24  (1) the public's interest in expeditious resolution of
25  litigation; (2) the court's need to manage its docket; (3) the
26  risk of prejudice to the defendants; (4) the public policy
27  favoring disposition of cases on their merits; and (5) the
28  availability of less drastic alternatives." Yourish v. Cal.

1    Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez

2    v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)) (internal

3    quotation marks omitted).

4           The first and second factors weigh in favor of

5    dismissal in this case since Plaintiff's non-compliance with the

6    dismissal order has impaired the public's interest in expeditious

7    resolution of litigation and undermines the Court's ability to

8    manage its docket. See Yourish, 191 F.3d at 990 ("[T]he public's

9    interest in expeditious resolution of litigation always favors

10   dismissal . . . ."); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th

11   Cir. 2002) ("It is incumbent upon the Court to manage its docket

12   without   being   subject   to   routine   noncompliance   of

13   litigants . . . .").

14          The third factor concerning the risk of prejudice to

15   Defendant considers the strength of a plaintiff's excuse for non-

16   compliance. See id. at 642-43 (stating that "the risk of

17   prejudice   [is   related]   to   the   plaintiff's   reason   for

18   defaulting"). Since Plaintiff has provided no reason for its non-

19   compliance, the third factor also favors dismissal.

20          The   fourth   factor,   concerning   the   public   policy

21   favoring disposition of cases on their merits, weighs against

22   dismissal of Plaintiff's case. Id. at 643 ("Public policy favors

23   disposition of cases on the merits.").

24          The   fifth   factor,   concerning   whether   the   Court   has

25   considered   less   drastic   sanctions,   also   weighs   in   favor   of

26   dismissal since Plaintiff failed to amend its complaint within

27   the prescribed time period, despite the warning that the action

28   could be dismissed with prejudice as a result. See Ferdick, 963

                                      3

1    F.2d at 1262 ("[A] district court's warning to a party that his

2    failure to obey the court's order will result in dismissal can

3    satisfy the 'consideration of alternatives' requirement.").

4         The balance of the factors strongly favors dismissal of

5    this action with prejudice. Therefore, this action is dismissed

6    with prejudice. Judgment shall be entered in favor of Defendant.

7    Dated:  March 18, 2014

8

9    _____

10   GARLAND E. BURRELL, JR.
     Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4